**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**DISTRICT OF DELAWARE**

Case number *(if known)* _____   Chapter __**11**__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **High Ridge Brands Co.** |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names |

| | |
|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) |

**27-4025871**

| | |
|---|---|
| 4. | **Debtor's address** |

**Principal place of business**

**333 Ludlow Street
South Tower 2nd Floor
Stamford, Connecticut 06902**
Number, Street, City, State & ZIP Code

**Fairfield**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.highridgebrands.com** |

| | |
|---|---|
| 6. | **Type of debtor** |

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **High Ridge Brands Co.**                                         Case number (*if known*) _____
          Name

**7.**  **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__3256__

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No

☐ Yes

If more than 2 cases, attach a separate list.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | _____ | | _____ | | _____ | |
| | _____ | | _____ | | _____ | |

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes

List all cases. If more than 1, attach a separate list

Debtor    __See Attachment 1__                    Relationship    __Affiliate__

District    __Delaware__         When _____    Case number, if known _____

Debtor    **High Ridge Brands Co.**                                    Case number (if known) _____

Name

---

**11. Why is the case filed in this district?**    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes    Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

**15. Estimated Assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **High Ridge Brands Co.** | Case number *(if known)* |
|---|---|---|
| | Name | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/18/19
              MM / DD / YYYY

**X** /s/ M. Benjamin Jones                    M. Benjamin Jones
Signature of authorized representative of debtor    Printed name

Title   **Chief Restructuring Officer**

---

**18. Signature of attorney**      **X** /s/ Edmon L. Morton                    Date 12/18/19
                                   Signature of attorney for debtor                 MM / DD / YYYY

**Edmon L. Morton**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, Delaware 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**    Email address   **emorton@ycst.com**

**3856 (Delaware)**
Bar number and State

**Attachment 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, in the United States Bankruptcy Court for the District of Delaware (the "Court").  A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company | Tax ID # |
| --- | --- |
| High Ridge Brands Co. | 27-4025871 |
| High Ridge Brands Holdings, Inc. | 81-2965996 |
| HRB Midco, Inc. | 81-2898170 |
| HRB Buyer, Inc. | 81-2893945 |
| Golden Sun, Inc. | 95-3024712 |
| Continental Fragrances, Ltd. | 38-2442541 |
| Freshcorp, Inc. | 45-5223238 |
| Children Oral Care, LLC | Disregarded entity for tax purposes |
| Dr. Fresh, LLC | 38-3875167 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGH RIDGE BRANDS CO., *et al.*,[1] | ) Case No. 19–_____ (___) |
| | ) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |
| | ) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of

Bankruptcy Procedure, High Ridge Brands Co. and its affiliated debtors and debtors in

possession (collectively, the "Debtors" and each, a "Debtor") in the above-captioned chapter 11

cases hereby state as follows:

1.      CD&R HRB Holdings, L.P. (with an address of 375 Park Ave., #18, c/o Clayton,

Dubilier & Rice, LLC, New York, NY 10152) owns 1,692,500, or 98.4%, of the common stock

equity of Debtor High Ridge Brands Holdings, Inc.  In addition, the following own the remaining

1.6% of the common stock equity of Debtor High Ridge Brands Holdings, Inc.

| Name | Amount | Address |
|------|--------|---------|
| Richard Kirk | 13,000 | 125 Sailors Lane, Bridgeport, CT 06605 |
| Nina Riley | 3,000 | 15 Emerald Springs, Southport, CT 06490 |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: High Ridge Brands Holdings, Inc. (5996); HRB Midco, Inc. (8170); HRB Buyer, Inc. (3945); High Ridge Brands Co. (5871); Golden Sun, Inc. (4712); Continental Fragrances, Ltd. (2541); Freshcorp, Inc. (3238); Children Oral Care, LLC (disregarded entity for tax purposes); and Dr. Fresh, LLC (5167).  The mailing address for each of the Debtors is 333 Ludlow Street, South Tower, 2nd Floor, Stamford, Connecticut 06902.

24858283.3

| | | |
|---|---|---|
| Peter Fazioli | 1,500 | 14 Muriel Lane, Schaghticoke, NY 12154 |
| Lee Feldman | 1,000 | 5749 Dawn Creek, Playa Vista, CA  90094 |
| Michael Milano | 1,000 | 5143 Fordon Court, Cincinnati, OH 45244 |
| Jayne Chu | 650 | 45 Pumpkin Hill Road, Westport, CT 06880 |
| Alex Terranova | 600 | 3 Arnold Dr, Randolph, NJ 07869 |
| Matt Sawtelle | 500 | 78 Deer Hill Drive, Ridgefield CT  06877 |
| Diya Talwar | 1,000 | 45 Tudor City Place #1008, New York, NY 10017 |
| William Sansome | 500 | 35 Janice Road, Stamford, CT 06905 |
| John Arora | 500 | 7156 Hoover Way, Buena Park, CA 90620 |
| Geoff Carroll | 1,000 | 3862 Berryman Ave, Los Angeles, CA  90066 |
| Sandip Grewal | 1,000 | 1006 Miramar Place, Fullerton, CA 92831 |
| Mark Walsh | 3,000 | 23872 Via Monte, Coto de Caza, CA  92679 |

2.      Debtor High Ridge Brands Holdings, Inc. owns 100% of the common stock equity interest in Debtor HRB Midco, Inc., and indirectly owns 100% of the equity interests in the remaining Debtors.

3.      Debtor HRB Midco, Inc. owns 100% of the common stock equity interest in Debtor HRB Buyer, Inc., and indirectly owns 100% of the equity interests in the remaining Debtors.

4.      Debtor HRB Buyer, Inc. owns 100% of the common stock equity interest in Debtor High Ridge Brands Co., and indirectly owns 100% of the equity interests in the remaining Debtors.

5.      Debtor High Ridge Brands Co. owns 100% of the common stock equity interest in each of Debtors Golden Sun, Inc., Freshcorp. Inc., and Continental Fragrances, Ltd., and indirectly owns 100% of the equity interests in the remaining Debtors.

6.      Debtor Freshcorp. Inc. owns 100% of the equity interests in each of Debtors Children Oral Care, LLC and Dr. Fresh, LLC.

**Fill in this information to identify the case:**

Debtor name: High Ridge Brands Co., *et al.*

United States Bankruptcy Court for the: District of Delaware

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Mercer QIF Fund PLC - Mercer Investment Fund 1 Attn: Brian Connolly 399 Boylston St. Suite 501 Boston, MA 02116 | Mercer QIF Fund PLC - Mercer Investment Fund 1 Attn: Brian Connolly PHONE: 617-939-0032 FAX: EMAIL: bconnolly@millstreet.com | Bondholder | N/A | | | $27,425,000 |
| 2 | Barings Global Special Situations 3 S.A.R.L Attn: Mike Searles 300 South Tryon St. Suite 2500 Charlotte, NC 28202 | Barings Global Special Situations 3 S.A.R.L Attn: Mike Searles PHONE: 980-417-5696 FAX: EMAIL: michael.searles@barings.com | Bondholder | N/A | | | $26,960,000 |
| 3 | Millstreet Credit Fund LP Attn: Brian Connolly 399 Boylston St. Suite 501 Boston, MA 02116 | Millstreet Credit Fund LP Attn: Brian Connolly PHONE: 617-939-0032 FAX: EMAIL: bconnolly@millstreet.com | Bondholder | N/A | | | $22,925,000 |
| 4 | Principal Funds, Inc. - Global Diversified Income Fund Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | Principal Funds, Inc. - Global Diversified Income Fund Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $15,607,000 |
| 5 | JPMorgan Investment Funds - Global High Yield Bond Fund Attn: Greg Seketa 1 E. Ohio St. 6th Floor Indianapolis, IN 46032 | JPMorgan Investment Funds - Global High Yield Bond Fund Attn: Greg Seketa PHONE: 317-236-5669 FAX: EMAIL: greg.seketa@jpmorgan.com | Bondholder | N/A | | | $10,865,000 |
| 6 | PIMCO Horseshoe Fund, LP Attn: Andrew Jessop 650 Newport Center Dr. Newport Beach, CA 92600 | PIMCO Horseshoe Fund, LP Attn: Andrew Jessop PHONE: 949-720-6000 FAX: EMAIL: andrew.jessop@pimco.com | Bondholder | N/A | | | $10,000,000 |
| 7 | Barings Global High Yield Credit Strategies Limited Attn: Mike Searles 300 South Tryon St. Suite 2500 Charlotte, NC 28202 | Barings Global High Yield Credit Strategies Limited Attn: Mike Searles PHONE: 980-417-5696 FAX: EMAIL: michael.searles@barings.com | Bondholder | N/A | | | $9,000,000 |
| 8 | BMO Capital Markets Corp. Attn: Evan Brown 3 Times Square New York, NY 10036 | BMO Capital Markets Corp. Attn: Evan Brown PHONE: 212-702-1200 FAX: EMAIL: Evan.Brown@bmo.com | Bondholder | N/A | | | $7,700,000 |
| 9 | Geode Capital Management LP Attn: Jeffrey Miller 100 Summer St. 12th Floor Boston, MA 02110 | Geode Capital Management LP Attn: Jeffrey Miller PHONE: 617-563-3499 FAX: EMAIL: jeffrey.miller@geodecapital.com | Bondholder | N/A | | | $7,430,000 |
| 10 | Caterpillar Inc. Master Retirement Trust Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | Caterpillar Inc. Master Retirement Trust Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $6,500,000 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | Principal Funds, Inc. - High Yield Fund Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | Principal Funds, Inc. - High Yield Fund Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $4,938,000 |
| 12 | Scott's Cove Management, LLC Attn: Philip Acinapuro 400 Madison Ave. 10th Floor New York, NY 10017 | Scott's Cove Management, LLC Attn: Philip Acinapuro PHONE: 212-899-3577 FAX: EMAIL: acinapuro@scottscove.com | Bondholder | N/A | | | $4,732,000 |
| 13 | Strichting Bewaarder Syntrus Achmea Global High Yield Pool Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | Strichting Bewaarder Syntrus Achmea Global High Yield Pool Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $4,520,000 |
| 14 | Bank of Nova Scotia Attn: Fatima Rego 150 King St. West 5th Floor Toronto, ON M5H 3T9 Canada | Bank of Nova Scotia Attn: Fatima Rego PHONE: 416-863-7828 FAX: EMAIL: fatima.rego@scotiabank.com | Bondholder | N/A | | | $3,750,000 |
| 15 | C.H. Robinson Worldwide Attn: Elisabeth Leister P.O. Box 9121 Minneapolis, MN 55480-9121 | C.H. Robinson Worldwide Attn: Elisabeth Leister PHONE: 610-260-6100 x3240 FAX: EMAIL: elisabeth.leister@chrobinson.com | Trade Creditor | Unliquidated | | | $3,625,952 |
| 16 | Aerofil Technology Inc Attn: Neva Thiessen c/o UMB Bank, NA PO Box 870928 Kansas City, MO 64187-0928 | Aerofil Technology Inc Attn: Neva Thiessen PHONE: 573-468-1471x1159 FAX: EMAIL: cmclaughlin@aerofil.com | Trade Creditor | Unliquidated | | | $3,444,685 |
| 17 | Mercer QIF Fund PLC - Mercer Investment Fund 1 Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | Mercer QIF Fund PLC - Mercer Investment Fund 1 Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $3,410,000 |
| 18 | District of Columbia Retirement Board Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | District of Columbia Retirement Board Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $3,250,000 |
| 19 | Cosway Company Inc. Attn: Dennis Kaprielian P.O. Box 840876 Los Angeles, CA 90084-0876 | Cosway Company Inc. Attn: Dennis Kaprielian PHONE: 310-900-4100 FAX: EMAIL: dkaprielian@cosway.com | Trade Creditor | Unliquidated | | | $3,094,958 |
| 20 | Crown Managed Accounts SPC Acting for and on Behalf of Crown/BA 2 SP Attn: Mike Searles 300 South Tryon St. Suite 2500 Charlotte, NC 28202 | Crown Managed Accounts SPC Acting for and on Behalf of Crown/BA 2 SP Attn: Mike Searles PHONE: 980-417-5696 FAX: EMAIL: michael.searles@barings.com | Bondholder | N/A | | | $3,000,000 |
| 21 | Barings Global Short Duration High Yield Fund Attn: Mike Searles 300 South Tryon St. Suite 2500 Charlotte, NC 28202 | Barings Global Short Duration High Yield Fund Attn: Mike Searles PHONE: 980-417-5696 FAX: EMAIL: michael.searles@barings.com | Bondholder | N/A | | | $2,982,000 |
| 22 | The State of Connecticut Acting Through its Treasurer Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | The State of Connecticut Acting Through its Treasurer Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $2,920,000 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 23 | PIMCO Funds: Global Investors Series plc, US High Yield Bond Fund Attn: Andrew Jessop 650 Newport Center Dr. Newport Beach, CA 92600 | PIMCO Funds: Global Investors Series plc, US High Yield Bond Fund Attn: Andrew Jessop PHONE: 949-720-6000 FAX: EMAIL: andrew.jessop@pimco.com | Bondholder | N/A | | | $2,500,000 |
| 24 | Newport Global Opportunities Fund I-A LP Attn: Anthony Longi, Jr. 21 Waterway Ave. Suite 150 The Woodlands, TX 77380 | Newport Global Opportunities Fund I-A LP Attn: Anthony Longi, Jr. PHONE: 713-559-7400 FAX: EMAIL: tlongi@ngalp.com | Bondholder | N/A | | | $2,500,000 |
| 25 | 1199SEIU Health Care Employees Pension Fund Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | 1199SEIU Health Care Employees Pension Fund Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $2,430,000 |
| 26 | JPMorgan Strategic Income Opportunities Fund Attn: Greg Seketa 1 E. Ohio St. 6th Floor Indianapolis, IN 46032 | JPMorgan Strategic Income Opportunities Fund Attn: Greg Seketa PHONE: 317-236-5669 FAX: EMAIL: greg.seketa@jpmorgan.com | Bondholder | N/A | | | $2,425,000 |
| 27 | Commingled Pension Trust Fund (Corporate High Yield) of JPMorgan Chase Bank, N.A. Attn: Greg Seketa 1 E. Ohio St. 6th Floor Indianapolis, IN 46032 | Commingled Pension Trust Fund (Corporate High Yield) of JPMorgan Chase Bank, N.A. Attn: Greg Seketa PHONE: 317-236-5669 FAX: EMAIL: greg.seketa@jpmorgan.com | Bondholder | N/A | | | $2,285,000 |
| 28 | DDJ Capital Management Group Trust - DDJ Custom High Yield Investment Fund Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | DDJ Capital Management Group Trust - DDJ Custom High Yield Investment Fund Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $2,269,000 |
| 29 | Strichting Pensioenfonds Hoogovens Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | Strichting Pensioenfonds Hoogovens Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $2,010,000 |
| 30 | Credit Suisse High Yield Bond Fund Attn: Michael Chaisanguanthum 11 Madison Ave. New York, NY 10010 | Credit Suisse High Yield Bond Fund Attn: Michael Chaisanguanthum PHONE: 212-538-4178 FAX: EMAIL: michael.chaisanguanthum@credit-suisse.com | Bondholder | N/A | | | $2,000,000 |
| 31 | Marathon Asset Management L.P. Attn: Louis Hanover One Bryant Park 38th Floor New York, NY 10036 | Marathon Asset Management L.P. Attn: Louis Hanover PHONE: 212-500-3128 FAX: EMAIL: | Bondholder | N/A | | | $2,000,000 |
| 32 | DDJ Capital Management Group Trust - DDJ Custom High Yield Fund 2017 Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | DDJ Capital Management Group Trust - DDJ Custom High Yield Fund 2017 Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $1,910,000 |
| 33 | Changzhou Daya Imp & Exp Corp Attn: Steve Hu Room 402-404 25 Taihuzhong Road Xinbei District Changzhou Jiangsu China, CN 213022 China | Changzhou Daya Imp & Exp Corp Attn: Steve Hu PHONE: 86-519-810-4387 FAX: EMAIL: stevehu@jsmail.com.cn | Trade Creditor | Unliquidated | | | $1,876,609 |
| 34 | ABN AMRO Multi-Manager Funds Attn: Mike Searles 300 South Tryon St. Suite 2500 Charlotte, NC 28202 | ABN AMRO Multi-Manager Funds Attn: Mike Searles PHONE: 980-417-5696 FAX: EMAIL: michael.searles@barings.com | Bondholder | N/A | | | $1,868,000 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 35 | PIMCO Funds: PIMCO High Yield Spectrum Fund Attn: Andrew Jessop 650 Newport Center Dr. Newport Beach, CA 92600 | PIMCO Funds: PIMCO High Yield Spectrum Fund Attn: Andrew Jessop PHONE: 949-720-6000 FAX: EMAIL: andrew.jessop@pimco.com | Bondholder | N/A | | | $1,750,000 |
| 36 | Fidelity National Title Insurance Company Attn: Anthony Longi, Jr. 21 Waterway Ave. Suite 150 The Woodlands, TX 77380 | Fidelity National Title Insurance Company Attn: Anthony Longi, Jr. PHONE: 713-559-7400 FAX: EMAIL: tlongi@ngalp.com | Bondholder | N/A | | | $1,750,000 |
| 37 | Barings Global Multi-Credit Strategy 2 Limited Attn: Mike Searles 300 South Tryon St. Suite 2500 Charlotte, NC 28202 | Barings Global Multi-Credit Strategy 2 Limited Attn: Mike Searles PHONE: 980-417-5696 FAX: EMAIL: michael.searles@barings.com | Bondholder | N/A | | | $1,663,000 |
| 38 | Russell Investment Company - Multi-Strategy Income Fund Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | Russell Investment Company - Multi-Strategy Income Fund Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $1,640,000 |
| 39 | FedEx Corporation Employees' Pension Trust Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | FedEx Corporation Employees' Pension Trust Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $1,591,000 |
| 40 | Chen Zhou Wealthwise Attn: Auyeung Shou Fo Road No. 402 Zixing City Chenzhou, Hunan , CN China | Chen Zhou Wealthwise Attn: Auyeung PHONE: 86-735-3357818 FAX: EMAIL: h.auyeung@wealthwise.cn | Trade Creditor | Unliquidated | | | $1,557,542 |
| 41 | UAW Retiree Medical Benefits Trust (GM Separate Retiree Account) Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | UAW Retiree Medical Benefits Trust (GM Separate Retiree Account) Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $1,540,000 |
| 42 | Marietta Corporation Attn: Julia Chea Dept CH 14106 Palatine, IL 60055-4106 | Marietta Corporation Attn: Julia Chea PHONE: 905-660-0444 x200299 FAX: EMAIL: jchea@kikcorp.com | Trade Creditor | Unliquidated | | | $1,486,839 |
| 43 | JPMorgan Strategic Income Opportunities Fund Attn: Greg Seketa 1 E. Ohio St. 6th Floor Indianapolis, IN 46032 | JPMorgan Strategic Income Opportunities Fund Attn: Greg Seketa PHONE: 317-236-5669 FAX: EMAIL: greg.seketa@jpmorgan.com | Bondholder | N/A | | | $1,463,000 |
| 44 | Credit Suisse Asset Management Income Fund, Inc. Attn: Michael Chaisanguanthum 11 Madison Ave. New York, NY  10010 | Credit Suisse Asset Management Income Fund, Inc. Attn: Michael Chaisanguanthum PHONE: 212-538-4178 FAX: EMAIL: michael.chaisanguanthum@credit-suisse.com | Bondholder | N/A | | | $1,350,000 |
| 45 | J.C. Penney Corporation, Inc. Pension Plan Trust Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | J.C. Penney Corporation, Inc. Pension Plan Trust Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $1,340,000 |
| 46 | NTCC High Yield Bond Fund FEBT Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | NTCC High Yield Bond Fund FEBT Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $1,280,000 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 47 | National Railroad Retirement Investment Trust Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | National Railroad Retirement Investment Trust Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $1,210,000 |
| 48 | MIGROS-PENSIONSKASSE FONDS Attn: Greg Seketa 1 E. Ohio St. 6th Floor Indianapolis, IN 46032 | MIGROS-PENSIONSKASSE FONDS Attn: Greg Seketa PHONE: 317-236-5669 FAX: EMAIL: greg.seketa@jpmorgan.com | Bondholder | N/A | | | $1,205,000 |
| 49 | DDJ/TAF Strategic Income Fund Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | DDJ/TAF Strategic Income Fund Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $1,172,000 |
| 50 | Russell Investment Company PLC Russell Global High Yield Fund Attn: David Breazzano 130 Turner St. Building 3, Suite 600 Waltham, MA 02453 | Russell Investment Company PLC Russell Global High Yield Fund Attn: David Breazzano PHONE: 781-283-8500 FAX: EMAIL: dbreazzano@ddjcap.com | Bondholder | N/A | | | $1,130,000 |

**Fill in this information to identify the case:**

Debtor name    **High Ridge Brands Co.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
    amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒   Other document that requires a declaration    **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/18/19          X   /s/ M. Benjamin Jones
                                  Signature of individual signing on behalf of debtor

                                  **M. Benjamin Jones**
                                  Printed name

                                  **Chief Restructuring Officer**
                                  Position or relationship to debtor

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy
24920428.1

## HIGH RIDGE BRANDS CO.

Unanimous Written Consent of the Board of

Directors to Action Without a Meeting

December 18, 2019

THE UNDERSIGNED, being all of the members of the Board of Directors (the "<u>Board</u>") of High Ridge Brands Co., a Delaware corporation (the "<u>Company</u>"), hereby unanimously consent in writing, as permitted by Section 141(f) of the Delaware General Corporation Law and by Section 5.01 of the Bylaws of the Corporation, to the adoption of the following resolutions:

> **WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions; and

> **WHEREAS**, the Board has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>").

**NOW, THEREFORE, BE IT:**

<u>**Appointment of CRO**</u>

> **RESOLVED**, that M. Benjamin Jones of Ankura Consulting Group, LLC ("<u>Ankura</u>") is hereby appointed as Chief Restructuring Officer of the Company on the terms provided in that certain Engagement Letter, dated as of August 22, 2019, by and between Ankura and the Company; and it is further

<u>**Commencement and Prosecution of Bankruptcy Case**</u>

> **RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that a voluntary petition (the "<u>Petition</u>") be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") commencing a case (the "<u>Bankruptcy Case</u>") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that each officer of the Company (each, an "<u>Officer</u>" and collectively, the "<u>Officers</u>"), be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Officer may determine; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the Company, to execute, acknowledge, deliver and verify and file any and all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Officers may deem necessary or proper in connection with the filing of the Petition and commencement of the Bankruptcy Case; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Officer performing or executing the same shall approve, and the performance or execution thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Company; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Officers, shall be necessary, proper and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## <u>Retention of Professionals</u>

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>") be, and hereby is, authorized, directed

and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

RESOLVED, that the law firm of Debevoise & Plimpton LLP ("Debevoise") be, and hereby is, authorized, directed and empowered to represent the Company as corporate, finance and litigation counsel in connection with corporate law issues and related matters in connection with any case commenced by the Company under the Bankruptcy Code; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Debevoise; and it is further

RESOLVED, that Ankura be, and hereby is, authorized, directed and empowered to provide to the Company the Chief Restructuring Officer, along with additional personnel, as restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers other than the Chief Restructuring Officer be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of Ankura; and it is further

RESOLVED, that PJT Partners LP ("PJT") be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist the Company in connection with the potential sale of the Company's business and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention

3

agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of PJT; and it is further

**RESOLVED**, that Prime Clerk, LLC ("Prime Clerk") be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

## Postpetition Financing

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, if any; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is authorized, directed and empowered to execute appropriate loan agreements, cash collateral agreements and related ancillary documents; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and

performance of any post-petition financing by (i) (a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Company, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Company to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval or determination; and it is further

**Sale**

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to commence the marketing for sale of the Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets pursuant to Section 363 of the Bankruptcy Code or otherwise, in each case subject to further authorization of the Board, of any such sale; and it is further

**General Resolutions**

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any Officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that this unanimous written consent of the Board may be executed in multiple counterparts, each of which shall be considered an original and all of which shall constitute one and the same instrument; and it is further

**RESOLVED**, that the executed copy of this unanimous written consent of the Board shall be filed with the minutes of the proceedings of the Board.

IN WITNESS WHEREOF, the undersigned have executed and delivered this Unanimous Written Consent of the Board of Directors as of the date first written above.

_John Compton_

_____
John C. Compton


_____
Patricia Lopez


_____
Vindi Banga


_____
Kenneth A. Giuriceo


_____
Gregory L. Pasqua


_____
Steven R. Gross

*High Ridge Brands Co. – Signature Page to Board Consent (ch. 11 filing)*

IN WITNESS WHEREOF, the undersigned have executed and delivered this Unanimous Written Consent of the Board of Directors as of the date first written above.

_____
John C. Compton

_____
Patricia Lopez

_____
Marvinder S. Banga

_____
Kenneth A. Giuriceo

_____
Gregory L. Pasqua

_____
Steven R. Gross

*High Ridge Brands Co. -- Signature Page to Board Consent (ch. 11 filing)*

IN WITNESS WHEREOF, the undersigned have executed and delivered this Unanimous Written Consent of the Board of Directors as of the date first written above.

_____
John C. Compton

_____
Patricia Lopez

_____
Manvinder S. Banga

_____
Kenneth A. Giuriceo

_____
Gregory L. Pasqua

_____
Steven R. Gross

*High Ridge Brands Co. – Signature Page to Board Consent (ch. 11 filing)*

IN WITNESS WHEREOF, the undersigned have executed and delivered this Unanimous Written Consent of the Board of Directors as of the date first written above.

_____
John C. Compton

_____
Patricia Lopez

_____
Vindi Banga

_____
Kenneth A. Giuriceo

_____
Gregory L. Pasqua

_____
Steven R. Gross

IN WITNESS WHEREOF, the undersigned have executed and delivered this Unanimous Written Consent of the Board of Directors as of the date first written above.

_____
John C. Compton

_____
Patricia Lopez

_____
Vindi Banga

_____
Kenneth A. Giuriceo

_____
Gregory L. Pasqua

_____
Steven R. Gross

*High Ridge Brands Co. – Signature Page to Board Consent (ch. 11 filing)*

IN WITNESS WHEREOF, the undersigned have executed and delivered this Unanimous Written Consent of the Board of Directors as of the date first written above.

_____
John C. Compton

_____
Patricia Lopez

_____
Vindi Banga

_____
Kenneth A. Giuriceo

_____
Gregory L. Pasqua

_____
Steven R. Gross