IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| HIGH RIDGE BRANDS CO., *et al.*,[1] | ) ) ) | Case No. 19–12689 (BLS) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) | **Ref. Docket No. 55** |

**ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION
WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS;
(II) SCHEDULING AN AUCTION FOR AND HEARING TO APPROVE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (III) APPROVING NOTICE OF
RESPECTIVE DATE, TIME AND PLACE FOR AUCTION AND FOR HEARING ON
APPROVAL OF SALE; (IV) APPROVING PROCEDURES FOR THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; (V) APPROVING FORM AND MANNER OF NOTICE THEREOF;
AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of the above-captioned debtors and debtors in possession, pursuant to sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2002, 6003, 6004, 6006, 9907, 9008, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1, 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedures for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order (i) approving (a) the bidding procedures attached hereto as Exhibit 1 (the "**Bidding Procedures**") for the sale or multiple sales (the "**Sale**") of substantially all of the Debtors' assets (the "**Assets**") and approving the form and manner of notices in connection with the Bidding Procedures; (b) setting a deadline

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: High Ridge Brands Holdings, Inc. (5996); HRB Midco, Inc. (8170); HRB Buyer, Inc. (3945); High Ridge Brands Co. (5871); Golden Sun, Inc. (4712); Continental Fragrances, Ltd. (2541); Freshcorp, Inc. (3238); Children Oral Care, LLC (disregarded entity for tax purposes); and Dr. Fresh, LLC (5167). The mailing address for each of the Debtors is 333 Ludlow Street, South Tower, 2nd Floor, Stamford, Connecticut 06902.

25114134.9

to conduct an auction (the "**Auction**"); (c) scheduling a hearing to consider approval of the sale (the "**Sale Hearing**"), including treatment of executory contracts and unexpired leases (the "**Assignment Procedures**"); and (d) granting related relief; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given except as set forth herein with respect to the Auction, the Sale Hearing and the potential assumption and assignment of the executory contracts and unexpired leases; and a reasonable opportunity to object to or be heard regarding the relief provided herein has been afforded to parties-in-interest pursuant to Bankruptcy Rule 6004(a); and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[2]

A.  The Bidding Procedures[3] are fair, reasonable and appropriate, and are designed to maximize the value to be achieved from the sale.

B.  The Bidding Procedures comply with the requirements of Local Rule 6004-1(c).

C.  The Assignment Procedures provided for herein are fair, reasonable and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code.

D.  The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures and the Assignment Procedures.

E.  The Notice of Auction and Sale Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale, the Bidding Procedures and the Assignment Procedures to be employed in connection therewith, including, without limitation: (i) the date, time and place of the Auction (if one is held); (ii) the Bidding Procedures and the dates and deadlines related thereto; (iii) the time for objection to the Sale and the date, time and place of the Sale Hearing; (iv) reasonably specific identification of the Assets; and (v) representations describing the Sale as being free and clear of liens, claims, interests and other encumbrances, with all such liens, claims, interests and other encumbrances attaching with the same validity and priority to the proceeds of the Sale and solely to the extent any such proceeds exist after payment in full of the DIP Obligations (as defined in the interim order approving the Debtors' postpetition financing [Docket No. 45] (the "**DIP Order**")); and no other or further notice of the Sale shall be required.

---

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Bidding Procedures.

25114134.9

F.  The Potential Assumption and Assignment Notice is appropriate and reasonably calculated to provide each non-debtor party to any Contracts (such parties, collectively, the "**Non-Debtor Counterparties**") with proper notice of the Assignment Procedures.  The inclusion of any Contract on a Potential Assumption and Assignment Notice does not constitute an admission that a particular Contract is an executory contract or unexpired lease of property or require or guarantee that such Contracts will be assumed and assigned and all rights of the Debtors with respect thereto are reserved.

G.  No further notice beyond that described in the foregoing paragraphs is required in connection with the Sale.

H.  The entry of this order (this "**Bidding Procedures Order**") is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

**IT IS HEREBY ORDERED THAT**:

1.  The Motion is granted as set forth herein.

2.  All objections to the Motion or the relief provided herein, as they pertain to the entry of this Bidding Procedures Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

## The Bidding Procedures

3.  The Bidding Procedures are incorporated herein and approved, and shall apply with respect to the Sale.  The Debtors are authorized to take all actions reasonable and necessary or appropriate to implement the Bidding Procedures.

4.  The Debtors are authorized to conduct the bidding process in accordance with the Bidding Procedures, and the terms hereof, and without the necessity of complying with any state or local bulk transfer laws or requirements applicable to the Debtors.

5. Following entry of this Bidding Procedures Order, the Debtors shall be authorized, but not obligated, in an exercise of their business judgment and after consulting with the Consultation Parties, to select one or more Potential Bidders to act as a stalking horse bidder (a "**Stalking Horse Bidder**") for the Assets or applicable Segments, and may agree to provide such Stalking Horse Bidder(s) certain bid protections, including an expense reimbursement and/or a break-up fee (the "**Bid Protections**"); provided that any such Bid Protections shall be subject to approval by the Court, which the Debtors may seek in accordance with the Bidding Procedures.

6. Potential Bidders or Qualified Bidders (other than any Stalking Horse Bidder), shall not be allowed any break-up, termination or similar fee with respect to the Assets. Moreover, all Potential Bidders, Qualified Bidders, and any Stalking Horse Bidder (excluding any Bid Protections (as defined in the Bidding Procedures) approved by this Court) waive any right to seek a claim for substantial contribution pursuant to section 503 of the Bankruptcy Code, or the payment of any broker fees or costs, unless specifically agreed to by the Debtors upon consultation with the Consultation Parties, or upon further Order of the Court.

7. Nothing herein or in the Bidding Procedures authorizes the disposition of any sale proceeds, which shall be subject to further Order of the Court.

**Assignment Procedures**

8. The following Assignment Procedures shall govern the assumption and assignment of the Contracts in connection with the Sale, and any objections related thereto:

   a. On or before January 16, 2020, the Debtors shall file with this Court and serve on each Non-Debtor Counterparty to each of the Contracts the Potential Assumption and Assignment Notice. In the event that the Debtors identify any Non-Debtor Counterparties which were not served with the Potential Assumption and Assignment Notice, the Debtors may subsequently serve such Non-Debtor Counterparty with a Potential Assumption and Assignment Notice, and the following procedures will nevertheless apply to such Non-Debtor Counterparty; provided, however, that the Cure Cost/Assignment Objection Deadline (defined

below) with respect to such Non-Debtor Counterparty shall be 4:00 p.m. (prevailing Eastern Time) on the date that is the later of January 30, 2020, or fourteen (14) days following service of the Potential Assumption and Assignment Notice.

b. The Potential Assumption and Assignment Notice served on each Non-Debtor Counterparty shall (i) identify each Contract; (ii) list the proposed calculation of the cure amounts that the Debtors believe must be paid to cure all defaults outstanding under the Contract as of such date (the "**Cure Costs**"); (iii) include a statement that assumption and assignment of such Contract is not required or guaranteed; and (iv) inform such Non-Debtor Counterparty of the requirement to file any Cure Cost/Assignment Objections (defined below) by the Cure Cost/Assignment Objection Deadline (defined below), subject to reasonable revision by the Debtors. Service of a Potential Assumption and Assignment Notice does not constitute an admission that a particular Contract is an executory contract or unexpired lease of property, or confirm that the Debtors are required to assume and/or assign such Contract.

c. Objections (each, a "**Cure Cost/Assignment Objection**"), if any, to (i) the scheduled Cure Costs, and/or (ii) the proposed assumption, assignment and/or transfer of such Contract (including the transfer of any related rights or benefits thereunder), other than objections that relate specifically to the identity of a Successful Bidder, must (x) be in writing; (y) state with specificity the nature of such objection, including the amount of Cure Costs in dispute and (z) be filed with this Court and properly served on the Notice Parties (as defined below) so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on January 30, 2020 (the "**Cure Cost/Assignment Objection Deadline**"), subject to the proviso in subparagraph (a) above.

d. Objections (a "**Post-Auction Objection**") of any Non-Debtor Counterparty related solely to the identity of and adequate assurance of future performance provided by the Successful Bidder must be received at or before the Sale Hearing (the "**Post-Auction Objection Deadline**"), subject to the proviso in subparagraph (a) above; provided, however, that in the event that the Debtors obtain a Stalking Horse Bid and provide notice of the identity of the Stalking Horse Bidder in the Potential Assumption and Assignment Notice, any objection of a Non-Debtor Counterparty related to Stalking Horse Bid (including with respect to the identity of and adequate assurance of future performance provided by) the Stalking Horse Bidder must be filed as a Cure Cost/Assignment Objection by the Cure Cost/Assignment Objection Deadline.

e. Any Non-Debtor Counterparty to a Contract who fails to timely file and properly serve a Cure Cost/Assignment Objection or timely raise a Post-Auction Objection as provided herein will (i) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to such Contract in the event it is assumed and/or assigned by the Debtors and the Debtors shall be entitled to rely solely upon the Cure Costs, and (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Contract (including the transfer

of any related rights and benefits thereunder) to the relevant Successful Bidder and shall be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Contract, or that any related right or benefit under such Contract cannot or will not be available to the relevant Successful Bidder. If a Cure Cost/Assignment Objection is timely filed and properly served, the Resolution Procedures (as defined below) will apply.

f. If a Non-Debtor Counterparty files a Cure Cost/Assignment Objection satisfying the requirements of these Assignment Procedures, the Debtors and the Non-Debtor Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention (the "**Resolution Procedures**"). If the applicable parties determine that the objection cannot be resolved without judicial intervention in a timely manner, this Court shall make all necessary determinations relating to such Cure Cost/Assignment Objection at a hearing scheduled pursuant to the following Paragraph.

g. Consideration of unresolved Cure Cost/Assignment Objections and Post-Auction Objections relating to all Contracts, if any, will be held at the Sale Hearing, provided, however, that (i) any Contract that is the subject of a Cure Cost/Assignment Objection with respect solely to the amount of the Cure Cost may be assumed and assigned prior to resolution of such objection (ii) the Debtors, in consultation with the Consultation Parties and the parties to any Contract that is subject to a Cure Cost/Assignment objection, may adjourn a Cure Cost/Assignment objection, and (iii) the Debtors shall pay any undisputed Cure Cost on or before the Closing Date, and shall appropriately reserve funding for the disputed portion of the Cure Costs.

h. A timely filed and properly served Cure Cost/Assignment Objection or a timely raised Post-Auction Objection will reserve the respective Non-Debtor Counterparty's rights relating to the Contract, but will not be deemed to constitute an objection to the relief generally requested in the Motion with respect to the approval of the Sale.

i. The Debtors' assumption and/or assignment of a Contract is subject to approval by this Court and consummation of the Sale. Absent consummation of the Sale and entry of a Sale Order approving the assumption and/or assignment of the Contracts (with such Contracts being listed as an exhibit to the Sale Order), the Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

j. The Debtors' decision to assume and assign the Contracts to the relevant Successful Bidder is subject to this Court's approval and the closing of the Sale. Accordingly, absent this Court's approval and the closing of the Sale, the Contracts shall not be deemed assumed or assumed and assigned, and shall in all respects be subject to

further administration by the Debtors and their estates under the Bankruptcy Code in connection with these Chapter 11 Cases.

**Notice Procedures**

9. Service of the Notice of Auction and Sale Hearing is sufficient to provide effective notice to all interested parties of, *inter alia*, the Bidding Procedures, the Auction, the Sale Hearing, the Sale and the Assignment Procedures in accordance with Bankruptcy Rules 2002 and 6004, as applicable, and is approved.

10. On or before two (2) business days after entry of this Order, the Debtors will cause the Notice of Auction and Sale Hearing to be sent by first-class mail postage prepaid, to the following: (a) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Lockbox 35, Wilmington DE, 19801, Attn: David L. Buchbinder; (b) proposed counsel to the official committee of unsecured creditors, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585, Attn: Jerry L. Hall and Cindi M. Giglio, and Potter Anderson & Corroon LLP, 1313 N. Market Street, Wilmington, DE 19801, Attn: Jeremy W. Ryan and Aaron H. Stulman; (c) counsel to the DIP Agent and Prepetition Agent, Winston & Strawn LLP, 35 West Wacker Drive, Chicago, IL 60601, Attn: Gregory M. Gartland and Daniel J. McGuire, and Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801, Attn: Matthew Ward; (d) all persons known or reasonably believed to have asserted an interest in the Assets; (e) the Non-Debtor Counterparties to the Contracts; (f) the Attorneys General in the State(s) where the Assets are located; (g) all federal, state and local taxing authorities in the State(s) where the Assets are located; (h) all parties that have asserted liens against the Assets; and (i) all parties included on the Debtors' consolidated creditor matrix and all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

11. In addition to the foregoing, on or before five (5) business days after entry of the Bidding Procedures Order, the Debtors shall post the Notice of Auction and Sale Hearing and the Bidding Procedures Order on the website of the Debtors' claims and noticing agent, Prime Clerk LLC.

12. No later than February 24, 2020, at 10:00 a.m. (prevailing Eastern Time), the Debtors shall file a notice on this Court's docket identifying the Successful Bidder(s) for the Assets and any applicable Next-Highest Bidder(s).

13. The Potential Assumption and Assignment Notice, and the other Assignment Procedures set forth herein, are sufficient to provide effective notice pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and 6006(c) to the Non-Debtor Counterparties to the Contracts of the Debtors' intent to potentially assume and assign some or all of the Contracts and are approved.

## Auction and Sale Hearing

14. **Bid Deadline**. The deadline for submitting bids for the Assets (the "**Bid Deadline**") shall be 10:00 a.m. (prevailing Eastern Time) on February 18, 2020. No bid shall be deemed to be a Qualified Bid unless such bid meets the requirements set forth in the Bidding Procedures or is otherwise accepted by the Debtors upon consent of the DIP Agent, which consent shall not be unreasonably withheld.

15. **Auction**. The Debtors may sell the Assets by conducting an Auction in accordance with the Bidding Procedures. If at least two Qualified Bids (or one Qualified Bid if there is also a Stalking Horse Bid) are received by the Bid Deadline with regard to the Assets, the Debtors will conduct an Auction in accordance with the Bidding Procedures, which Auction shall commence on or before February 20, 2020, at 10:00 a.m. (prevailing Eastern Time) at the offices of counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street,

25114134.9

Wilmington, Delaware 19801, or such later time or such other place as the Debtors shall designate. In the event and upon consent of the DIP Agent, which consent shall not be unreasonably withheld, the Debtors designate a later time or place for the Auction, they shall (i) notify all Qualified Bidders (as defined in the Bidding Procedures) who have submitted Qualified Bids, (ii) file notice of such change with this Court, and (iii) update, or shall cause the Debtors' claims and noticing agent to update, the website of the Debtors' claims and noticing agent to indicate the later time or place for the Auction. If the Debtors (i) do not receive a Stalking Horse Bid or (ii) only receive a Stalking Horse Bid with regard to Assets, (a) the Debtors shall not hold an Auction with respect thereto; (b) the Stalking Horse Bid, as applicable, may be named the Successful Bid with respect to the Assets; and (c) the Stalking Horse Bidder, as applicable, may be named the Successful Bidder with respect thereto. The Auction will be conducted openly and all creditors may be permitted to attend upon providing written notice to the Debtors at least one (1) calendar day prior to the start of the Auction.

16. Each Qualified Bidder participating in the Auction will be required to confirm, in writing, that (a) it has not engaged in any collusion with respect to the Bidding Process or on the record at the Auction, (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder, and (c) the Potential Bidder agrees to serve as a backup bidder if the Potential Bidder's Qualified Bid is the next highest and best bid after the Successful Bid with respect to the Assets.

17. **<u>Notice for Contract Counterparties</u>**. The Debtors shall provide, to any Contract Counterparty that is implicated by any Stalking Horse Bid or any Qualified Bid (a) the identity of the Stalking Horse Bidder or Qualified Bidder, and (b) adequate assurance information from the Stalking Horse Bidder or Qualified Bidder. The Debtors shall provide, or shall cause their counsel and/or the claims and noticing agent to provide, such information to any such affected Contract

Counterparty within twenty-four (24) hours of receipt of such bid, provided, however, that each Contract Counterparty receiving adequate assurance information shall keep such adequate assurance information confidential, and shall be restricted from using or disclosing such information to any third party other than in connection with a Cure Cost/Assignment Objection, and in the event such counterparty files any such Cure Cost/Assignment Objection, it shall be permitted to file any portion of such pleading containing any Adequate Assurance Information under seal without any further order of this Court.

18. **Sale Hearing**. The Sale Hearing shall be held before this Court on February 26, 2020, at 11:30 a.m. (prevailing Eastern Time) before the Honorable Brendan L. Shannon, United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at 824 North Market Street, 6th Floor, Courtroom No. 1, Wilmington, Delaware 19801. The Debtors shall file a form of Sale Order in form and substance reasonably acceptable to the DIP Agent no later than February 12, 2020, subject to modifications by the Debtors and the Successful Bidder(s) following the Auction. At the Sale Hearing, the Debtors will seek the entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s). The Sale Hearing (or any portion thereof) may be adjourned by this Court or the Debtors from time to time without further notice other than by announcement in open court, on this Court's calendar or through the filing of a notice or other document on this Court's docket.

19. **Sale Objection Deadline**. The deadline to object to the relief requested in the Motion, including entry of the proposed Sale Order (a "**Sale Objection**") is February 19, 2020, at 4:00 p.m. (prevailing Eastern Time) (the "**Sale Objection Deadline**"). A Sale Objection must be filed with this Court and served in the manner set forth below so *actually received* no later than the Sale Objection Deadline.

20. **Post-Auction Objection Deadline**.  The deadline <u>to object only to</u> (i) the conduct at the Auction (if held), including with respect to the submission of any credit bid, or (ii) solely with respect to the Non-Debtor Counterparties to the Contracts, to the specific identity of and adequate assurance of future performance provided by the Successful Bidder with respect to the applicable Assumed Contract is the Post-Auction Objection Deadline.  Any Post-Auction Objection must be raised at or before the Sale Hearing.

## Objection Procedures

21. Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale shall file a formal written objection that complies with the objection procedures as set forth herein and in the Motion, as applicable.

22. Sale Objections, if any, must be: (i) in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (v) be filed with this Court and (vi) served on the following parties (the "**Notice Parties**"): (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Ian J. Bambrick (ibambrick@ycst.com); (b) corporate, finance and litigation counsel to the Debtors, Debevoise & Plimpton, 919 Third Avenue, New York, New York 10022, Attn: M. Natasha Labovitz (nlabovitz@debevoise.com) and Nick S. Kaluk, III (nskaluk@debevoise.com); (c) counsel to the DIP Agent, Winston & Strawn LLP, 200 Park Avenue, New York, New York 10166, Attn: Gregory M. Gartland (ggartland@winston.com); (d) proposed counsel to the official committee of unsecured creditors, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585, Attn: Jerry L. Hall

(jerry.hall@katten.com), Cindi M. Giglio (cindi.giglio@katten.com) and Potter Anderson & Corroon LLP, 1313 N. Market Street, Wilmington, DE 19801, Attn: Jeremy W. Ryan (jryan@potteranderson.com), Aaron H. Stulman (astulman@potteranderson.com); and (e) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Lockbox 35, Wilmington DE, 19801, Attn: David L. Buchbinder (david.l.buchbinder@usdoj.gov).

23. Failure to file a Sale Objection on or before the Sale Objection Deadline (a) shall forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation and performance of the Sale with a Successful Bidder, and (b) for purposes of section 363(f)(2) of the Bankruptcy Code, shall be deemed to be "consent" to entry of the Sale Order and consummation of the Sale and all transactions related thereto.

24. For the avoidance of doubt, the failure of the Official Committee of Unsecured Creditors (the "**Committee**") to object to a credit bid of any prepetition debt held by a prepetition lender or other secured party, or the Court's approval of any such credit bid, shall not (a) prejudice or impair the rights of the Committee granted under any other order of the Court to challenge the nature, extent, validity, priority, perfection or amount of the underlying liens, security interests and claims, or (b) release such lender from any causes of action which can be brought by or on behalf of the Debtors' estates, in each case, other than as set forth in any subsequent order of the Court. The Court shall retain the ability to fashion an appropriate remedy in the event of a successful Challenge.

## Other Relief Granted

25. The form of notice attached hereto as <u>Exhibit 2</u> is approved, and the service of such notices filed at Docket Nos. 121, 154 and 169 was good, proper, timely, adequate, sufficient, and appropriate under the circumstances.

26. The form of notice attached hereto as <u>Exhibit 3</u> is approved.

27. Absent an Order of this Court to the contrary, this Order shall be binding in all respects upon any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtors' bankruptcy cases or upon a conversion to chapter 7 under the Bankruptcy Code.

28. Nothing herein shall be deemed to or constitute the assumption, assignment or rejection of any executory contract or unexpired lease.

29. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective immediately and enforceable upon its entry.

30. In the event of any conflict between this Order and the Bidding Procedures, this Order shall govern in all respects.

31. The requirements set forth in Local Rules 6004-1, 9006-1, and 9013-1 are hereby satisfied or waived.

32. This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: February 7th, 2020
Wilmington, Delaware

BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE

25114134.9

14